UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSE MARTINEZ, )<br>)<br>       Petitioner    )<br>)<br>   vs.                 )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>       Respondent  )  | CAUSE NO. 3:14-CV-1858 RLM<br>(Arising out of 3:13-CR-44 RLM) |

## OPINION and ORDER

Jose Martinez pleaded guilty to possession of over 500 grams of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and was sentenced in September 2013 to a term of 60 months' imprisonment, with four years of supervised release to follow. Although Mr. Martinez expressly waived the right to appeal or contest his conviction and sentence in his plea agreement, he filed a "notice of appeal" on August 27, 2014, in which he expressed a desire to petition for a writ of habeas corpus and requested an application for a writ under 28 U.S.C. § 2255. The court sent Mr. Martinez the form requested and gave him until October 5, 2014 to file an amended petition for habeas relief on the form provided, withdraw his request for habeas relief, or inform the court that his intent was to proceed with a direct appeal. Mr. Martinez sought and received an extension of time to respond and was repeatedly warned that the court would treat his notice of appeal as a petition for habeas relief under § 2255 and proceed accordingly, if

he failed to comply with the court's order. Mr. Martinez hasn't complied or provided any reason for failing to do so.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that once a motion is filed:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

The motion and record in this case presents no basis for granting the relief Mr. Martinez appears to be seeking.

Mr. Martinez's plea agreement reveals that he waived his right to appeal and to contest his conviction and sentence in a § 2255 proceeding. Mr. Martinez, his attorney Brian May, and Assistant United States Attorney Frank Schaffer signed the plea agreement, which contained the following language in paragraph 9(e):

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understnad that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence withing the statutory maximum set for my offense(s) as set forth in this Plea Agreement; with this understanding and in consideration of the government's entry into this Plea Agreement:
> **I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742, or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255**[.]

(Emphasis original).

In paragraphs 11 and 12, Mr. Martinez stated that he believed his attorney "ha[d] done all that anyone could do to counsel and assist [him]," that he offered his plea "freely and voluntarily and of [his] own accord, and no promises ha[d] been made to [him] other than those contained in [the plea agreement], nor ha[d] [he] been threatened in any way by anyone to cause [him] to plead guilty."

Despite the waivers and admissions in his plea agreement, Mr. Martinez is now before the court seeking post-conviction relief under 28 U.S.C. § 2255. A plea agreement containing a waiver of the right to appeal and to file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005); when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); or when the sentence is greater than the statutory maximum sentence for the offense of conviction. United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005). Mr. Martinez hasn't made any of those arguments, didn't receive a sentence greater than the statutory maximum, and hasn't shown that his guilty plea was anything other than "a voluntary and intelligent choice among the alternate courses of actions open to him." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)).

Because Mr. Martinez's plea was informed and voluntary, the waiver of his right to appeal and to file a § 2255 petition "must be enforced." <u>Nunez v. United States</u>, 546 F.3d 450, 453 (7th Cir. 2008). Accordingly, Mr. Martinez's motion for relief from his conviction and sentence under 28 U.S.C. § 2255 [Doc. No. 44] is DISMISSED.

SO ORDERED.

ENTERED:  October 31, 2014

/s/ Robert L. Miller, Jr.
Judge, United States District Court

cc: J. Martinez
AUSA Schaffer